UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

XIMORA B. o/b/o J.Y.S.B.,

                                      Plaintiff,

                  v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                                      Defendant.
_____

<u>DECISION AND ORDER</u>

20-CV-1435L

      Plaintiff, on behalf of her minor son, J.Y.S.B., appeals from a denial of supplemental security income benefits by the Commissioner of Social Security ("the Commissioner"), based on the Commissioner's finding that J.Y.S.B. was not disabled.

      Plaintiff protectively filed an application for Supplemental Security Income on March 28, 2016, on J.Y.S.B.'s behalf, alleging disability as of September 13, 2010. That claim was initially denied on September 22, 2016. Plaintiff requested a hearing, which was held July 12, 2019 before administrative law judge ("ALJ") William M. Weir. On August 14, 2019, the ALJ issued a decision concluding that J.Y.S.B. was not disabled. (Dkt. #10 at 39-57). That decision became the final decision of the Commissioner when the Appeals Council denied review on August 12, 2020. (Dkt. #10 at 1-3). Plaintiff now appeals.

      Plaintiff has moved (Dkt. #12) and the Commissioner has cross moved (Dkt. #14) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons that follow, I find that the Commissioner's decision is supported by substantial evidence, and was not the product of legal error.

# DISCUSSION

## I. Relevant Standards

Because the claimant is a child, a particularized, three-step sequential analysis is used to determine whether he is disabled. First, the ALJ must determine whether the child is engaged in substantial gainful activity. *See* 20 CFR §416.924. If so, the claimant is not disabled. If not, the ALJ proceeds to step two, and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act. If not, the analysis concludes with a finding of "not disabled." If so, the ALJ continues to step three.

At step three, the ALJ examines whether the claimant's impairment meets or equals the criteria of a listed impairment. If the impairment meets or medically equals the criteria of a listing and meets the durational requirement (20 CFR §416.924) – that is, if the child's impairments are functionally equivalent in severity to those contained in a listed impairment – the child is disabled. If not, he is not disabled. In making this assessment, the ALJ must measure the child's limitations in six areas: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for himself; and (6) health and physical well-being. Medically determinable impairments will be found to equal a listed impairment where they result in "marked" limitations in *two or more* domains of functioning, or an "extreme" limitation in one or more. 20 CFR §§416.926a(a), (d) (emphasis added).

The Commissioner's decision that J.Y.S.B. is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002).

**II.    The ALJ's Decision**

The ALJ initially found that since the March 28, 2016 application date, J.Y.S.B. (who was 11 years old as of that date) has had the following impairments: attention deficit hyperactivity disorder ("ADHD"), a speech and language impairment, and asthma. (Dkt. #10 at 42).

The ALJ proceeded to analyze whether J.Y.S.B. has any "marked" or "extreme" limitations in any of the six domains of functioning. Based on the medical and educational evidence presented, the ALJ concluded that since the alleged onset date, J.Y.S.B. has had a less than marked limitation in acquiring and using information, a less than marked limitation in attending and completing tasks, a less than marked limitation in interacting and relating with others, a less than marked limitation in moving about and manipulating objects, no limitation in the ability to care for himself, and a less than marked limitation in health and well-being. The ALJ accordingly concluded that J.Y.S.B. is "not disabled." (Dkt. #10 at 50-57).

**III.    The ALJ's Duty to Complete the Record**

Plaintiff initially argues that the ALJ failed to complete the record, because he failed to include in his exhibit list a teacher questionnaire from one of J.Y.S.B.'s teachers, and because he failed to obtain any additional teacher questionnaires. The Court disagrees.

"Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record." *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996). This includes the duty "to investigate and develop the facts and develop the arguments both for and against the granting of benefits." *Butts v. Barnhart*, 388 F.3d 377, 386 (2d Cir. 2004).

Nonetheless, an ALJ is not obligated to continue developing the record where the record is already sufficiently complete to make a determination as to disability. *See Janes v. Berryhill*, 710 Fed. Appx. 33, 34 (2d Cir. 2018); *Perez v. Chater*, 77 F.3d 41, 48 (2d Cir. 1996).

Here, the record before the ALJ included J.Y.S.B.'s individualized education plans ("IEPs"), a psychiatric test from the Puerto Rico Special Education Department, academic records and report cards from 2016 through 2019, school attendance records, intelligence evaluation results, speech evaluation results, medical treatment records, an opinion by psychiatric consultative examiner Dr. Janine Ippolito, an opinion by consulting pediatrician Dr. Donna Miller, and opinions by two state agency medical consultants. (Dkt. #10 at 406-15, 428-33, 439-44, 472-78, 479-500, 514-16, 591-608). The ALJ's findings were overwhelmingly consistent with, and supported by, this evidence.

To the extent that the ALJ specifically discussed at the hearing (Dkt. #10 at 82) – but failed to list in the exhibits of record – a February 4, 2019 questionnaire from plaintiff's special education teacher Elizabeth Finnegan, any error therein is harmless. Ms. Finnegan opined that J.Y.S.B. experienced "obvious" problems with respect to acquiring and using information, "slight" to "obvious" problems in attending and completing tasks, and no problems in any other functional domain. (Dkt. #10 at 97-104). It is well settled that findings of slight or obvious problems are not inconsistent with a finding of "less than marked" limitations. Thus, even had the ALJ included Ms. Finnegan's opinion in the record and fully credited it, it would not have compelled a finding of "extreme" limitations in one domain or "marked" limitations in two, or otherwise resulted in a finding of disability. *See Nicole A. v. Commissioner*, 2021 U.S. Dist. LEXIS 45220 at *13 (W.D.N.Y. 2021)(teacher questionnaires identifying slight to obvious problems in a functional domain support a finding of "less than marked" limitations in that domain); *Golibersuch o/b/o*

*N.R.G. v. Commissioner*, 2020 U.S. Dist. LEXIS 12157 at *12 (W.D.N.Y. 2020)(teacher questionnaire identifying "obvious" problems does "not necessarily equate to a marked limitation": as such, "the ALJ could reasonably interpret those teachers' statements as consistent with a less than marked limitation").

Nor did the lack of additional teacher questionnaires (which the ALJ requested, although at least one of those requests was returned as undeliverable) create a gap in the record that would necessitate remand. Given the breadth and completeness of the record as described above, the ALJ was possessed of sufficient academic, medical, testimonial, and opinion evidence to make a decision supported by substantial evidence.

**IV.     The ALJ's Consideration of J.Y.S.B.'s Functioning Outside of a Structured Setting**

Plaintiff also argues that the ALJ erred by determining J.Y.S.B.'s limitations, without due consideration of the extent to which his supportive and controlled educational environment had enabled him to function.

Plaintiff is correct that in determining whether a child is disabled, the Commissioner is obligated to consider the claimant's ability to function outside of his structured educational setting. *See Leon v. Commissioner*, 2020 U.S. Dist. LEXIS 212761 at *10 (W.D.N.Y. 2020)("when a claimant is in a structured educational setting, the ALJ must evaluate the effect of that setting on the claimant"). However, I do not find that the ALJ here failed to consider J.Y.S.B.'s functioning outside of his supportive educational environment. To the contrary, the ALJ acknowledged and discussed the special education and support services J.Y.S.B. received, and considered his functioning in the absence of those supports, including his behavior and activities at home and with friends, as well as his performance during consultative assessments which took place over

the summertime, when he was not attending school or taking his ADHD medication. (Dkt. #10 at 51-53).

I have considered the rest of plaintiff's claims, and find them to be without merit.

## CONCLUSION

For the foregoing reasons, I find that the Appeals Council did not err in declining to remand the matter for consideration of additional evidence, that the ALJ fulfilled his duty to complete the record, that his decision is supported by substantial evidence and was not the product of legal error. The plaintiff's motion for judgment on the pleadings (Dkt. #12) is denied, the Commissioner's cross motion for judgment on the pleadings (Dkt. #14) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       June 23, 2022.